**In re Andrew W. HYDE.**

**Bankruptcy No. 98–60036 S.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Aug. 31, 1998.

Scott Vaughn, North Little Rock, AR, for Plaintiff or Petitioner.

Kathy A. Cruz, Hot Springs, AR, for Defendant or Respondent.

### ORDER GRANTING MOTION FOR RELIEF FROM STAY

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion for Relief from Stay filed by Mercantile Bank of Arkansas, N.A., on April 2, 1998. The initial hearing on this matter was heard on April 28, 1998, at which time the Court determined that additional information was required. Specifically, the Court had questions of the debtor's primary attorney who did not appear at the hearing. Accordingly, a second hearing was held on June

9, 1998. Post-trial briefs [1] were filed and the matter is now before the Court for determination.

 Mercantile Bank of Arkansas, N.A. ("the bank") seeks relief from the automatic stay for cause, 11 U.S.C. § 362(d)(1), to pursue its state law remedies with regard to a 1994 Chevrolet pickup truck owned by the debtor and a related entity, Dac, Inc.[2] The evidence is uncontroverted that the value of the collateral is less than the debt owed on the vehicle and that the loan is fifteen months in payment default. In addition, the debtor has been in arrears in his payments to the chapter 13 trustee since the beginning of the case. At the time of the first hearing, the debtor had paid in less than half of the monies to be in compliance with his plan. Accordingly, on the date of the hearing, the bank lacked adequate protection and was entitled to relief from stay. *See In re Pinto*, 191 B.R. 610, 612 (Bankr.D.N.J.1996).

 This case, however, raises additional, substantial issues of bad faith. First, the debtor filed this case solely to frustrate the bank's ability to repossess the vehicle. Indeed, Hyde admitted that his sole purpose in filing this case was to prevent repossession of the vehicle. While it is true that a debtor may file a bankruptcy case to save a needed asset, the facts and circumstances of this filing are egregious. Prior to the filing of this case, the debtor's related entity, Dac,

Inc. was a debtor under chapter 11 of the Bankruptcy Code.[3] Upon the failure of Dac, Inc. to comply with a consent order in its case, the bank was granted relief from stay to repossess the same 1994 pickup truck that is the subject of the current motion. When the bank pursued repossession, Hyde filed his bankruptcy case, thereby improperly using the relief afforded by the Bankruptcy Code to circumvent an Order of the bankruptcy court. Such delaying tactics constitute bad faith and are grounds for relief from stay. *Cf. In re Knight Jewelry*, 168 B.R. 199, 202 (Bankr.W.D.Mo.1994).

Second, this chapter 13 case was filed on January 22, 1998, and the debtor was obligated to pay, bi-weekly, the sum of $360.46. A payroll order was entered whereby the debtor's employer was required to submit the payments directly to the chapter 13 trustee. Although the first payment to the trustee was due on February 21, 1998, no payment was made until April 17, 1998, after the motion for relief was filed and just prior to the hearing in this matter. The payment to the trustee did not bring the debtor current in his payments under the plan.[4] It was not until the time of the second hearing that the debtor made efforts to comply with the terms of the plan and the Bankruptcy Code to make his payments.

While it is true that glitches sometimes occur and an employer fails to remit funds to

---

1. The debtor's brief recites numerous facts which are not in the record. Arguments or assertions by counsel in a brief are not evidence and must be disregarded in the determination of this motion.

2. Dac, Inc. was previously a debtor under chapter 11 of the Bankruptcy Code, also represented by Cruz & Associates. Upon the failure of Dac, Inc. to comply with a consent order in its case, the bank was granted relief from stay to repossess the same 1994 pickup truck that is the subject of the current motion. Soon thereafter, Hyde filed this case to frustrate the bank's ability to repossess the vehicle. Indeed, Hyde admitted that his sole purpose in filing this case was to prevent repossession of the vehicle. In this manner, Hyde was improperly using the relief afforded by Bankruptcy Code to circumvent an Order of the bankruptcy court. Such delaying tactics constitute bad faith and are grounds for relief from stay. *Cf. In re Knight Jewelry*, 168 B.R. 199, 202 (Bankr.W.D.Mo.1994).

3. Dac, Inc. was also represented by Cruz & Associates, debtor's attorneys in this case.

4. The payments under the plan were established as a bi-weekly amount and not a monthly payment. However, once the debtor belatedly began making payments, the payments were made on a monthly basis. In this situation, there accrues over a period of time a small arrearage under the trustee's accounting system. If all plan payments are timely made, however, this arrearage is cured within the year. Although an arrearage may exist at times during a case in which bi-weekly payments are made, and the arrearage is not through any fault of the debtor, the arrearage is sufficiently minor that it does not materially impact payments to creditors. However, the arrearage of which the bank complains in this case is neither minor nor due to accounting procedures. The material arrearage in this case accrued because the debtor failed to make his payments.

the trustee as required, in this instance, the failure to remit the payments is not only the fault of the debtor, it is evidence of delay and bad faith. In this instance, the employer who was withholding the funds but not remitting them is debtor's own counsel. It is scandalous that counsel, who has a substantial bankruptcy practice, not only failed to comply with the Order requiring transmission of the payments to the chapter 13 trustee, but held the funds deducted from the debtor's paycheck. This was not only a breach of an obligation to the Court and to the employee, it was also a breach of obligations to a client. Moreover, the debtor cannot be held blameless as he is the paralegal in counsel's office. He not only had the obligation to ensure that proper and timely payments were received by the trustee's office, he had more knowledge, experience and ability to monitor and ensure transmission of the payments than the ordinary debtor. The fact that both the debtor and counsel, both of whom have experience and knowledge regarding chapter 13 cases, failed in these basic duties negates any assertion of good faith. Accordingly, it is

**ORDERED** that the Motion for Relief from Stay filed by Mercantile Bank of Arkansas, N.A., on April 2, 1998, is Granted.

**IT IS SO ORDERED.**